UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY DEWAYNE FELDER,<br><br>             Plaintiff,<br><br>     v.<br><br>M. BREWER, *et al.*,<br><br>             Defendants. | Case No.  2:22-cv-01702-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>     (1) PROCEED ONLY WITH HIS EIGHTH AMENDMENT EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS BREWER AND STEFFENSMEIER; OR<br><br>     (2) DELAY SERVING ANY DEFENDANT AND FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

  Plaintiff, a state prisoner proceeding without counsel, alleges that defendants Brewer and Steffensmeier violated his Eighth Amendment rights by using excessive force against him on March 21, 2022. ECF No. 1 at 3. This claim is cognizable and may proceed past screening. Plaintiff also argues that defendant Ochoa violated his rights by refusing to take pictures of his injuries after the use of force incident. *Id.* This claim is non-cognizable. Thus, plaintiff must choose whether to proceed only with his claims against Brewer and Steffensmeier or delay

1

serving any defendant and file an amended complaint.

I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Analysis**

Plaintiff alleges that on March 1, 2022, defendants Brewer and Steffensmeier used

excessive force against him after he sparred with them verbally. ECF No. 1 at 3. He claims that defendants slammed him to the ground, struck him on the head, placed a foot on his hip, and kicked him. *Id.* These allegations are sufficient to state an Eighth Amendment excessive force claim against both defendants.

With respect to defendant Ochoa, plaintiff alleges that this officer declined to photograph his injuries after the attack and possibly delayed a use-of-force interview. *Id.* There is no constitutional right to an investigation. *See Pickett v. Williams*, 498 F. App'x 699, 700 (9th Cir. 2012) ("[T]here is no constitutional right to request an investigation or receive administrative review of prison disciplinary proceedings."); *see also Case v. Kitsap Cty. Sheriff's Dep't*, 249 F.3d 921, 930 (9th Cir. 2001) ("There is no § 1983 liability for violating prison policy.") (citation omitted).

Plaintiff may either proceed only with the cognizable claims identified above or he may delay serving any defendant and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2 is GRANTED.

2. Within thirty days from the service of this order, plaintiff either advise that he wishes to proceed only with his Eighth Amendment excessive force claims against Brewer and Steffensmeier or delay serving any defendant and file an amended complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: __November 10, 2022__                    _/s/ Jeremy Peterson_
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE