UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY DEWAYNE FELDER, | Case No. 2:22-cv-01702-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| M. BREWER, *et al.*, | |
| Defendants. | |

Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff filed a request for assistance in litigating this case, which the court construes as a request for appointment of counsel. ECF No. 26.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits

[and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff seeks assistance because he does not understand the orders he has received from the court.[1]  ECF No. 26.  At this stage of the proceeding, I cannot conclude that exceptional circumstances requiring the appointment of counsel are present.  Plaintiff's general request for assistance does not demonstrate the necessary exceptional circumstances because the challenges plaintiff faces are common to most prisoners.  The court may revisit this issue at a later stage of the proceedings if the interests of justice so require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

Accordingly, it is hereby ORDERED that plaintiff's motions for the appointment of counsel, ECF No. 26, is denied.

IT IS SO ORDERED.

Dated:    July 13, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] The court's prior order, issued April 27, 2023, set out the deadlines for discovery and dispositive motions.  ECF No. 25.  The order directed the parties to serve all discovery request by July 7, 2023.  It also ordered that the completion of discovery, including filing all motions to compel discovery, be filed by September 1, 2023.  Additionally, it set the deadline for plaintiff to seek leave to amend his complaint as September 1, 2023.  Finally, it directed all dispositive motions to be filed by February 2, 2024.