UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY DEWAYNE FELDER,<br><br>        Plaintiff,<br><br>    v.<br><br>M. BREWER, *et al.*,<br><br>        Defendants. | Case No. 2:22-cv-01702-JDP (PC)<br><br>**ORDER**<br><br>DIRECTING THE CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 28<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff Bobby Dewayne Felder alleges that defendants Brewer and Steffensmeier used excessive force against him in violation of the Eighth Amendment. Defendants move for summary judgment, arguing that plaintiff's claims are barred by the favorable termination rule. ECF No. 28. Plaintiff filed a statement of non-opposition, ECF No. 29, and defendants have not filed a reply. I recommend granting defendants' motion.

**Background**

Plaintiff, an inmate who was housed at Mule Creek State Prison, brings claims for excessive force against correctional officers Brewer and Steffensmeier. Plaintiff alleged that on March 1, 2022, while both defendants were escorting him to a program office, defendant Brewer started squeezing his arm. ECF No. 1 at 3. Plaintiff demanded to know why Brewer was acting that way, and when Brewer did not answer, plaintiff called Brewer "all sorts of names." *Id.* Defendants then removed plaintiff's handcuffs and placed him in a holding cage. *Id.* While plaintiff was in the cage, Brewer instructed plaintiff to undress for a search. *Id.* Plaintiff responded "F-U" and demanded a sergeant instead. *Id.* After plaintiff refused to comply with Brewer's instructions again, Brewer instructed plaintiff to face the back of the cage. *Id.* Brewer then pulled plaintiff out of the cage, "slammed [plaintiff] on the ground face first, then [plaintiff felt] fist[s] hitting [him] in [his] head, face and upper torso area." *Id.* He also felt a footstep on his hip. Plaintiff alleges that because Brewer was punching him, Steffensmeier was necessarily the one kicking him. *Id.*

Plaintiff was charged in a rule violation report ("RVR") with battery on a peace officer and a hearing was held on July 3, 2022. ECF No. 28-4 at 13. At the hearing, plaintiff pled not guilty and offered this statement: "The Officer that said I hit him, my people called internal affairs about him and hired an investigator to look into this . . . . He did this same exact thing to eight other inmates at MCSP. I revoked the postponement so I could leave MCSP and get away from him." *Id.* at 15.

The hearing officer replied on the following evidence:

> 1. The Rules Violation Report authored on 03/27/2022 by Officer M. Brewer, in which they document attempting to place the subject in handcuffs and observing the subject suddenly spin around to his left and strike him (the Reporting Employee) in the face with his (the subject's) fist.
>
> 2. The Staff Narrative authored on 03/21/2022 by Officer D. Rutledge, in which they document observing the subject turn

2

> abruptly to his left, step out of a Temporary Holding Cell and strike the Reporting Employee in the face with his right fist.
>
> 3. The Staff Narrative authored on 03/21/2022 by Officer E. Steffensmeier, in which they document observing the subject strike the Reporting Employee in the face with his right fist.
>
> 4. The CDCR 7219 Medical Report of Injury completed on the Reporting Employee following the incident, which indicates that they suffered bruising to their face. This injury is consistent with the Reporting Employee having been struck in the face by the subject.

*Id.* at 16. The hearing officer found plaintiff guilty as charged. *Id.* at 15. Specifically, the officer noted:

> the subject's act on March 21, 2022, at approximately 1746 hours, of quickly turning to his left as the Reporting Employee was attempting to place him in handcuffs and striking the Reporting Employee in the face with his (the subject's) right fist, meets the standard required for a guilty finding of a violation of CCR, Title 15, Section 3005(d), Battery on a Peace Officer. The SHO determined that the documented observations of staff and the supporting evidence (medical report indicating the Reporting Employee suffered injuries consistent with getting punched in the face) outweigh the subject's not guilty plea and the evidence offered in his defense and support a finding that the subject willfully and unlawfully touched the Reporting Employee in a harmful manner, and that the subject knew the Reporting Employee was a Peace Officer when he did so. As such, the subject's behavior meets the elements of the charged offense, and a finding of guilty is therefore appropriate.

*Id.* at 16. The hearing officer assessed plaintiff 150 days loss of credit, which is consistent with plaintiff's CDCR credit calculation worksheet. *Id.* at 10-11; 16.

   Plaintiff sat for a deposition. During it, he testified that when he was unhandcuffed in the cage, Brewer directed him to turn around and face the back of the cage so that Brewer could handcuff him. ECF No. 28-3 at 17. Plaintiff explained that Brewer opened the cage door, threw plaintiff to the ground, and started punching him. *Id.* at 17-18.

> Q: . . . So my question is, did you turn around and punch Officer Brewer when he told you to cuff—or turn around, or did they come in and grab you and throw you on the ground?

>A: I didn't punch him.  And I remember everything, because I got beat up.
>
>Q. But you remember specifically you did not turn around and punch him?
>
>A. I definitely didn't.

*Id*. at 20.  When plaintiff was asked about his version of events and the version of events in the RVR, plaintiff conceded that both events could not have happened as reported.  *Id.* at 23 (Plaintiff testified that "[o]ne of the stories is the truth and one is a lie.").

## Legal Standard

### A.   Summary Judgment

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computs., Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.  *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The same standards apply to both a motion for summary judgment and a motion for summary adjudication.  *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing either that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support

1    its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider
2    materials in the record not cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P.
3    56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see*
4    *also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

5    "The moving party initially bears the burden of proving the absence of a genuine issue of
6    material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the
7    moving party must either produce evidence negating an essential element of the nonmoving
8    party's claim or defense or show that the nonmoving party does not have enough evidence of an
9    essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*
10   *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this
11   initial burden, the burden then shifts to the non-moving party "to designate specific facts
12   demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d
13   376, 387 (9th Cir. 2010) (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must
14   "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty*
15   *Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to
16   establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual
17   dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
18   trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

19   The court must apply standards consistent with Rule 56 to determine whether the moving
20   party has demonstrated there to be no genuine issue of material fact and that judgment is
21   appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
22   "[A] court ruling on a motion for summary judgment may not engage in credibility
23   determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.
24   2017) (citation omitted). The evidence must be viewed "in the light most favorable to the
25   nonmoving party" and "all justifiable inferences" must be drawn in favor of the non-moving
26   party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred*
27   *Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

28

**B.     Favorable Termination Rule**

"A state prisoner cannot use a § 1983 action to challenge the 'fact or duration of his confinement,' because such an action lies at the 'core of habeas corpus.'" *Simpson v. Thomas*, 528 F.3d 685, 693 (9th Cir. 2008) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Thus, where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must first establish that the underlying sentence or conviction has already been invalidated on appeal, by a habeas petition, or terminated in his favor via some other similar proceeding. *Heck v. Humphrey*, 512 U.S. 487-88 (1994). This "favorable termination" rule applies to prison disciplinary proceedings, if those proceedings resulted in the loss of good-time or behavior credits. *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging validity of procedures used to deprive prisoner of good-time credits is not cognizable under § 1983).

Conversely, a § 1983 claim that will not necessarily invalidate the underlying disciplinary action may proceed. *See Muhammad v. Close*, 540 U.S. 749, 754 (2004) (discussing "the mistaken view expressed in Circuit precedent that *Heck* applies categorically to all suits challenging prison disciplinary proceedings"); *see also Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1133 (9th Cir. 2011) (Fourth Amendment excessive force claim not *Heck*-barred because "[a] holding in [the plaintiff's] § 1983 case that the use of the dog was excessive force would not negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of [the plaintiff's] attempt to resist it") (internal quotation omitted).

**Analysis**

Defendants argue that plaintiff's excessive force claims are barred by *Heck* and *Edwards*. Specifically, defendants contend that plaintiff's excessive force claim is barred because it is fundamentally inconsistent with his conviction for battery on a peace officer. ECF No. 28 at 7. Additionally, they argue that plaintiff's loss of 150 good-time credits have not been restored. *Id.* at 8. Finally, they argue that plaintiff's penalty extended his release date. *Id.* Plaintiff has filed a statement of non-opposition to defendants' motion for summary judgment. ECF No. 29.

1    As an initial matter, there is no dispute that plaintiff's guilty finding is valid or that
2 plaintiff's release date was postponed due to the loss of credits. ECF No. 28-3 at 11; 27-29; *cf.*
3 *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003) ("[W]here . . . a successful § 1983 action
4 would not necessarily result in an earlier release from incarceration . . . the favorable termination
5 rule of *Heck* and *Edwards* does not apply.").

6    The key issue is whether the events in the complaint and the events in the RVR were
7 wholly inconsistent with each other such that a finding in plaintiff's favor would necessarily
8 imply the invalidity of the RVR conviction. Instructive on this issue is *Hernandez v. Holman*,
9 No. 17-cv-3946-SVW-GJS, 2017 U.S. Dist. LEXIS 94202, (C.D. Cal. June 19, 2017). The
10 prisoner-plaintiff in that case alleged, among other things, that the defendant-officer punched the
11 plaintiff in the face after he made a derogatory comment towards the defendant. *Id.* at *4. In
12 contrast, the RVR found that the plaintiff made the same comment to the defendant; challenged
13 the defendant to fight; pulled away, lunged, and headbutted the defendant; and the defendant used
14 force to subdue the plaintiff. *Id.* at *13. The plaintiff was found guilty of battery on a peace
15 officer. *Id.* at *4. In assessing the validity of the plaintiff's excessive force claim, the court found
16 the claim was *Heck*-barred because in order for the plaintiff's version of events to be true, the
17 court would have necessarily found that the RVR conviction was invalid. *Id.* at *14-15.

18    Here, plaintiff's version of events is directly at odds with the finding in the RVR. Plaintiff
19 testified that while he was unhandcuffed, Brewer took him out of the holding cage and hit him.
20 ECF No. 28-3 at 17-18. The RVR, however, found that when Brewer was attempting to handcuff
21 plaintiff, plaintiff turned and punched Brewer. ECF No. 28-4 at 16. Because plaintiff's
22 allegations are necessarily at odds with the RVR's finding that resulted in his conviction, I
23 recommend finding that his claim is barred. *See Alexander v. Munguia*, No. 2:21-cv-01390-KJM-
24 CKD (P), 2023 WL 5806986, at *6 (E.D. Cal. Sept. 7, 2023) ("If the allegations in the amended
25 complaint are accepted as true, then plaintiff cannot be guilty of assault on a peace officer
26 rendering his disciplinary conviction invalid."); *Burton v. Chenoweth*, No. 14-cv-2331-KJN-P,
27 2015 WL 7758476, at *3 (E.D. Cal. Dec. 2, 2015) (finding that the plaintiff's claim was *Heck*
28

7

barred where the "Plaintiff's disciplinary conviction and his excessive force claim arise from the same incident, and the two versions of events are entirely inconsistent with one another").

Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district judge to this matter.

Further, it is hereby RECOMMENDED that:

1. Defendants' motion for summary judgment, ECF No. 28, be granted.

2. Plaintiff's claims be dismissed under the favorable termination rule.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 14, 2024                          _____
                                               JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE